# WIGGINS LAW GROUP

Attorneys and Counselors at Law

260 Peachtree Street, N.W., Suite 401
Atlanta, Georgia 30303

Telephone
(404) 659-2880
Facsimile
(404) 659-3274
wigginslawgroup.com

May 27, 2021

Walmart, Inc.
c/o Registered Agent: The Corporation Company (FL)
106 Colony Park Drive Ste. 800-B
Cumming, GA, 30040-2794

RE: Nikita Clay and Justin Neal

Dear Sirs and Madams:

This firm represents Nikita Clay and Justin Neal.

I am writing to you with hopes of settling this claim. As you know, under O.C.G.A. § 24-3-37, statements made with a view toward compromise are inadmissible at trial. This Georgia law was enacted to encourage the settlement of controversies by permitting parties to discuss their cases candidly with the assurance that admissions and proposals for compromise made in the course of their good-faith settlement negotiations may not be used against them in any subsequent lawsuit. Benn v. McBride, 140 Ga. App. 698 (1976).

On June 11, 2020, Walmart called 911 complaining of suspected fraudulent activity by Ms. Clay and Mr. Neal, who, upon driving away from the store, were pulled over and detained by City of Conyers police officers. It is undisputed that neither Ms. Clay nor Mr. Neal committed fraud at Walmart.

### Nikita Clay and Justin Neal

Ms. Clay is a healthcare professional who enjoys caring for people. She also enjoys thrift shopping, craft projects, and doting on her two nephews whom she helps to support.

Mr. Neal is a single father who enjoys sports and spending time with his family. He has worked for UPS for eight years.

Ms. Clay and Mr. Neal have been dating for three years. They are both African-American.

**EXHIBIT A**

JUN 02 2021

### The Incident

On June 11, 2020, Ms. Clay and Mr. Neal went to the Walmart in the Conyers Plaza located at 1436 Dogwood Dr SE, Conyers, Georgia 30013. They had purchased a speaker online, and noticed that the in-store price was considerably lower, so they took their receipt to the customer service counter for a refund on the price difference. They were issued a credit card refund for the difference. They walked around the store for about 15 minutes, and made a purchase in the electronics department, and left the store. Ms. Clay and Mr. Neal then walked over to the Georgia Thrift store in the same shopping plaza. After spending about 15 minutes in the thrift store, they walked to their separate cars to leave the plaza. Mr. Neal was on his way to work, and Ms. Clay was headed to her home.

Unbeknownst to them, an employee of Walmart had called the City of Conyers police and reported an incident of fraud in progress.

After leaving parking lot, Mr. Neal and Ms. Clay were each pulled over by the Conyers Police -- two cars pulled over Ms. Clay, and three pulled over Mr. Neal. They were detained on the side of the road for about 10 minutes, with blue lights flashing on the police cars as onlookers drove by, some taking photographs and video of them on the side of the road. (While on the side of the road, Ms. Clay emptied her purse to show the officers that she did not have any marijuana, after they told her they could smell marijuana.)

As they were on the side of the road, an employee of Walmart called police again, and said that they were mistaken. Ms. Clay and Mr. Neal were released from the police stop.

### Liability

I view this case primarily as one of negligence. See, e.g., Kroger Co. v. Briggs, 323 Ga. App. 256 (2013)(affirming jury award of $500,000 where man was wrongfully arrested for forgery because the grocery clerk incorrectly concluded the man's $100 bill was counterfeit). Walmart's loss prevention policies, including its training, supervision and implementation of those policies, will be at issue. Although we can figure out the particulars in discovery, for now you have enough information to evaluate whether my clients can maintain a negligence suit. I believe that a Rockdale County jury can and will assign a sizable number to Walmart for its negligence.

Walmart, Page 3
May 27, 2021

This case is also one involving intentional torts. We will show that your employee(s) racially profiled Ms. Clay and Mr. Neal and then offered reckless statements to law enforcement personnel based on that profile. Whether your employees have done that before, I do not know. What I do know is that Ms. Clay and Mr. Neal received a legitimate refund, and your employees thought that this transaction was fraudulent despite the approved transaction. They will bring state-law claim for false imprisonment.

Under Georgia law, Walmart owed a duty to the my clients, who were customers lawfully in the establishment by implied invitation for the purpose of transacting business, to protect them against the use of any discriminatory actions tending to humiliate, mollify, and wound their feelings. This is "tortious misconduct." See, e.g., Wolter v. Wal-Mart Stores, Inc., 559 S.E.2d 483, 485 (Ga. Ct. App. 2002). Walmart has breached that duty by publically humiliating them causing them to suffer damages.

Walmart's actions, through its employees, were willful and intentional or, at the very least, displayed a want of care showing a conscious indifference to consequences as contemplated under O.C.G.A. § 51-12-5.1. If this is shown, punitive damages would be appropriate.

### Damages

Because of the actions of the employees of Walmart, Ms. Clay and Mr. Neal have experienced humiliation, severe anxiety and emotional distress. They live in fear that the recordings of this incident will later surface and cause them additional humiliation and other damages.

### Offer of Settlement

For purposes of this letter, the amount of monetary damages sought is $210,000.00. This amount constitutes an offer of compromise, and as a part of this offer, my clients will enter a full release of all claims that they can bring against Walmart and its employees. If the Walmart does not settle the claim for that amount, my clients will sue Walmart and seek a substantially greater amount.

Please understand that this letter is a demand for compromise regarding their claim against you and to establish a claim for

Walmart, Page 4
May 27, 2021

prejudgment interest pursuant to the Georgia Unliquidated Damages Interest Act, O.C.G.A. § 51-12-14. Under that statute, we have sent a copy of this demand via statutory overnight delivery.

This offer remains open until June 30, 2021. After that day, the offer is withdrawn.

If I can help in any way in assessing this claim, please do not hesitate to call me.

                                    Very truly yours,

                                    WIGGINS LAW GROUP

                                    Cary S. Wiggins

CSW/sj

cc:   ATTN: Manager
      Walmart
      1436 Dogwood Dr SE
      Conyers, GA 30013

      Walmart, Inc.
      708 SW 8th Street
      Bentonville, AR 72716

      N. Clay/J. Neal