**CT Corporation**

**Service of Process Transmittal**
12/09/2021
CT Log Number 540715061

TO:     Kim Lundy- Email
        Walmart Inc.
        702 SW 8TH ST
        BENTONVILLE, AR 72716-6209

RE:     **Process Served in Georgia**

FOR:    Wal-Mart Stores East, LP  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CLAY NIKITA and JUSTIN NEAL vs. WAL-MART STORES, INC. |
| **DOCUMENT(S) SERVED:** | Attachment, Summons, Complaint |
| **COURT/AGENCY:** | Superior Court of Rockdale County, GA<br>Case # 2021CV2344 |
| **NATURE OF ACTION:** | Summons and Complaint - Fraud accusations complaint regarding price difference refund on item purchased on Walmart |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/09/2021 at 15:25 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Carry S. Wiggins<br>Wiggins Law Group<br>260 Peachtree St, NW, Suite 401<br>Atlanta, GA 30303<br>404-659-2880 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/09/2021, Expected Purge Date: 12/14/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT B**

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2021-cv-2344 _____

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed 10/04/2021 _____

Georgia, ROCKDALE _____ COUNTY

Attorney's Address

CARVIS B. WIGGINS

260 PEACHTREE ST NW #401

ATLANTA, GA 30303

NIKITA CLAY AND JUSTIN NEAL

VS.

WAL-MART STORES, INC. AND

Name and Address of Party to Served
WAL-MART STORES EAST LP

WAL-MART STORES EAST, LP

Defendant

C/O R/A The Corporation Company

106 Colony Park Drive, Suite 800-B

Cumming, GA 30040

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation
☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20____.

_____
DEPUTY

**DEFENDANT'S COPY**

FILED
10/4/2021 11:17 AM
Rockdale County Superior Court
e-Filed Record

# IN THE SUPERIOR COURT OF ROCKDALE COUNTY

## STATE OF GEORGIA

Nikita Clay and
Justin Neal

_____

PLAINTIFF

CIVIL ACTION
NUMBER: 2021-CV-2344

VS.

Wal-Mart Stores, Inc., Wal-Mart Stores
East, LP and John Does, employees of
Walmart

_____

DEFENDANT

Wal-Mart Stores, East, LP, c/o: Registered
Agent, The Corporation Company, 106
Colony Park Drive Ste. 800-B, Cumming,
GA, 30040-2794

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Cary S. Wiggins
> Wiggins Law Group
> 260 Peachtree St, NW, Suite 401
> Atlanta, GA 30303
> cary@wigginslawgroup.com; (404) 659-2880

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____4th____ day of ____October____, 20 _21_.

**Janice Morris,**
**Clerk of Superior Court**

By_____Natalie Rogers_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

FILED
10/4/2021 11:17 AM
Rockdale County Superior Court
e-Filed Record

IN THE SUPERIOR COURT OF ROCKDALE COUNTY
STATE OF GEORGIA

NIKITA CLAY and                    *
JUSTIN NEAL,                       *
                                   *
        Plaintiffs,                *      CIVIL ACTION FILE
                                   *
vs.                                *      NO. 2021-CV-2344
                                   *
WAL-MART STORES, INC.,             *
WAL-MART STORES EAST, LP,          *
and JOHN DOES, employees           *
of Walmart,                        *
                                   *      JURY TRIAL DEMANDED
        Defendants.                *

**COMPLAINT**

NATURE OF THE CASE

1.

One day in June 2020, Ms. Nikita Clay and Mr. Justin
Neal went to the Walmart in the City of Conyers. They had
purchased a speaker from Walmart online, and noticed that
the in-store price was considerably lower, so they took
their receipt to the customer service counter for a refund
on the price difference. They received the refund, shopped
at other stores in the plaza, and got in their separate cars
to drive away. Minutes later Nikita and Justin were both
stopped by the police and detained for committing fraud. As
it turns out, Walmart's employees had called 911 and
reported that Nikita and Justin had committed fraud. They
were wrong. With this complaint, Nikita and Justin seek

damages against Walmart and its employees for their actions.

## PARTIES

2.

Plaintiff Nikita Clay ("Nikita") is a resident of Henry County, Georgia.

3.

Plaintiff Justin Neal ("Justin") is a resident of DeKalb County, Georgia.

4.

Defendant Wal-Mart Stores, Inc. a/k/a Walmart, Inc. is a Delaware corporation authorized to conduct business in Georgia.  Walmart operated the store in question, which is located at 1436 Dogwood Dr SE, Conyers, Georgia 30013. Walmart may be served with process by service on its registered agent, to-wit:  The Corporation Company, 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794.

5.

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership authorized to conduct business in Georgia.  Walmart operated the store in question, which is located at 1436 Dogwood Dr SE, Conyers, Georgia 30013. Walmart may be served with process by service on its registered agent, to-wit:  The Corporation Company, 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794.

6.

Defendant John Does are employees or managers of Walmart and, upon information and belief, are residents of the State of Georgia.  Their identities are unknown.  Once identified, they will be added as defendants and served with process.

VENUE

7.

All acts or omissions alleged by the plaintiffs in this complaint occurred in Rockdale County, Georgia, and therefore venue is proper.

JURISDICTION

8.

The Court has jurisdiction over the defendants and the subject matter of this complaint.

FACTS

9.

On June 11, 2020, Nikita and Justin went to Walmart in the Conyers Plaza located at 1436 Dogwood Dr SE, Conyers, Georgia 30013 ("Walmart").  They had purchased a speaker online, and noticed that Walmart's in-store price was considerably lower, so they took their receipt to the customer service counter for a refund on the price difference.  They were issued a credit card refund for the

difference.

10.

Nikita and Justin walked around the store for about 15 minutes, made a purchase in the electronics department, and then left the store.  Nikita and Justin then walked over to the Georgia Thrift store in the same shopping plaza.  After spending about 15 minutes in the thrift store, they walked to their separate cars to leave the plaza.  Justin was on his way to work, and Nikita was headed to her home.

11.

Around this time, upon information and belief, John Doe (an employee of Walmart) called the City of Conyers police and reported an incident of fraud in progress.

12.

After leaving parking lot, Nikita and Justin were each pulled over by police officers -- two cars pulled over Nikita, and three pulled over Justin.  They were detained on the side of the road, with blue lights flashing on the police cars as onlookers drove by, some point their smartphones at them.  (While on the roadside, Nikita emptied her purse to show the officers that she did not have any marijuana, after they told her they could smell marijuana.)

13.

While Nikita and Justin were detained on the roadside,

John Doe (an employee of Walmart) called the police again and said that they were mistaken, i.e., there was no fraud in progress. Nikita and Justin were released from the police stop.

14.

Upon information and belief, at all relevant times, Walmart has maintained a corporate policy that prohibits its employees from initiating a criminal process without a having reasonable suspicion that the customer has committed a crime, including where the customer is suspected of shoplifting or engaging in fraud.

### COUNT 1

O.C.G.A. § 51-7-20: False Imprisonment

15.

The plaintiffs reallege each fact set forth in paragraphs 1 through 14 of this Complaint and incorporate them here by reference.

16.

On June 11, 2020, the defendants caused the plaintiffs to be unlawfully detained against their will, depriving them of personal liberty.

17.

This detention of the plaintiffs was unlawful because it was not predicated on any process and no exigent

circumstances existed to justify the defendants' conduct.

18.

There would not have been a failure of justice had the defendants permitted the plaintiffs to leave unrestrained.

19.

As a result of the unlawful detention, the plaintiffs have suffered emotional and mental injury, entitling them to recover compensatory and punitive damages against the defendants for the loss of their rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

## COUNT 2

### Negligence

20.

The plaintiffs reallege each fact set forth in paragraphs 1 through 14 of this Complaint and incorporate them here by reference.

21.

The defendants owed a legal duty to the plaintiffs to have reasonable suspicion the plaintiffs had engaged in a criminal act before calling the police to detain or arrest them, which duty they breached by calling the police on the plaintiffs to falsely report a crime, having the plaintiffs stopped and searched. The defendants were negligent in

detaining the plaintiffs without cause, which proximately caused the injuries and damages to the plaintiffs.

<u>COUNT 3</u>

Intentional Infliction of Emotional Distress

22.

The plaintiffs reallege each fact set forth in paragraphs 1 through 14 of this Complaint and incorporate them here by reference.

23.

The defendants' conduct of calling the police to make a traffic stop of the plaintiffs for fraud in progress was extreme and outrageous.

24.

The defendants' wrongful conduct caused the plaintiffs severe emotional distress and mental anguish.

<u>COUNT 4</u>

Tortious Misconduct

25.

The plaintiffs reallege each fact set forth in paragraphs 1 through 14 of this Complaint and incorporate them here by reference.

26.

The defendants owed a duty to the plaintiffs, who were customers lawfully in the establishment by implied

invitation for the purpose of transacting business, to protect them against the use of any discriminatory requirements tending to humiliate, mollify, and wound their feelings.

27.

The defendants breached that duty by publicly humiliating and causing them to suffer great damages.

COUNT 5

O.C.G.A. § 51-12-5.1: Punitive Damages

28.

The plaintiffs reallege each fact set forth in paragraphs 1 through 14 of this Complaint and incorporate them here by reference.

29.

The defendants' actions described in this complaint were willful and intentional misconduct, malice, wantonness, oppression or, at the very least, displayed a want of care showing a conscious indifference to consequences as contemplated under O.C.G.A. § 51-12-5.1.

COUNT 6

O.C.G.A. § 13-6-11: Attorney's Fees

30.

The plaintiffs reallege each fact set forth in paragraphs 1 through 14 of this Complaint and incorporate

them here by reference.

31.

By their acts and omissions specified above, as well as other conduct, the defendants have acted in bad faith, been stubbornly litigious and caused Square unnecessary trouble and expense.

32.

As a result of the defendants' actions, Square is entitled to recover their actual expenses of litigation, including attorney's fees, from the defendants.

**WHEREFORE**, the plaintiffs pray:

(a)   that as to Counts 1, 2, 3, 4, and 5, the Court award the plaintiffs compensatory and punitive damages against the defendants, in an amount to be determined by the enlightened conscience of an impartial jury;

(b)   that as to Count 6, the Court award the plaintiffs reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(c)   that the plaintiffs be granted a trial by jury on all issues so triable; and

(d)   that the plaintiffs be granted such other and

further relief as this Court deems just and

proper.

Respectfully submitted,


BY: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

WIGGINS LAW GROUP, LLC
Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303
Telephone: (404) 659-2880
Facsimile: (404) 659-3274
cary@wigginslawgroup.com

FILED
1/6/2022 5:05 PM
Rockdale County Superior Court
e-Filed Record

IN THE SUPERIOR COURT OF ROCKDALE COUNTY
STATE OF GEORGIA

NIKITA CLAY and JUSTIN NEAL,   :
                                                          :
             Plaintiff                              :
                                                          :
v.                                                       :        CIVIL ACTION FILE
                                                          :
WAL-MART STORES, INC.               :        NO:  2021-CV-2344
WAL-MART STORES EAST, LP        :
and JOHN DOES, employees          :
of Walmart,                              :
                                                          :
             Defendants.                        :
_____:

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendants WAL-MART STORES, INC. (known as WALMART INC.) and WAL-MART STORES EAST, LP (hereinafter referred to collectively as "Defendants") and hereby file their Answer to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Defendants acted with probable cause and without malice at all times

material hereto, and Plaintiffs' Complaint should be dismissed as a matter of law.

## THIRD DEFENSE

Defendants acted in a reasonable and prudent manner at all times material hereto, and Plaintiffs' Complaint should be dismissed as a matter of law.

## FOURTH DEFENSE

Plaintiffs' complaint is barred and should be dismissed due to the doctrines of privilege, and justification and due to the existence of probable cause supporting any prosecution of Plaintiffs.

## FIFTH DEFENSE

To the extent that Plaintiffs' claims against Defendants for alleged wrongful conduct by any police officer who was performing public duties, Defendants are not liable to Plaintiff under the doctrine of immunity, including qualified immunity, official immunity, sovereign immunity, and governmental immunity.

## SIXTH DEFENSE

As a matter of law, Defendants have no liability for the independent actions of any city/county police officer and/or official.

## SEVENTH DEFENSE

Defendants deny that any act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiffs.

## EIGHTH DEFENSE

Defendants deny that any act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiffs.

## NINTH DEFENSE

Plaintiffs' prayers for punitive damages, for fees and costs, and for pre-judgment interest should be dismissed as a matter of law.

## TENTH DEFENSE

Defendants at all times relevant to this action acted reasonably, prudently and within the privilege and protection against Plaintiffs' actions herein afforded to retail store operators under the laws of the State of Georgia.

## ELEVENTH DEFENSE

Plaintiffs' claims and allegations seeking recovery of punitive damages are without adequate support in law and in fact and the imposition punitive damages in this action would violate the provisions of the United States Constitution and the Constitution of the State of Georgia by denying Defendants due process of law and equal protection under the laws of the United States and

State of Georgia assured under the Constitutions of the United States and the State of Georgia.

## TWELFTH DEFENSE

Plaintiffs' actions for negligence may be barred and should be dismissed according to the doctrines comparative and contributory negligence and due to lack of proximate cause for any alleged injury or damage to Plaintiffs.

## THIRTEENTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiffs' Complaint respectively as follows:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 of the Complaint.

2.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the Complaint.

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the Complaint.

4.

Defendants denies paragraph 4 of the Complaint as stated. Defendant's registered agent is not located in Cumming, Georgia.

5.

Defendants admits the averments of paragraph 5 of the Complaint.

6.

Defendants deny the averments of paragraph 6 of the Complaint.

7.

Defendants deny the averments of paragraph 7 of the Complaint.

8.

Defendants deny the averments of paragraph 8 of the Complaint.

9.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint.

10.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the Complaint.

11.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the Complaint.

12.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the Complaint.

13.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the Complaint.

14.

Defendants deny the averments of paragraph 14 of the Complaint.

## **COUNT 1**

### **O.C.G.A. §51-7-20: False Imprisonment**

15.

Defendants incorporate by reference their responses to Paragraphs 1-14 as if restated herein.

16.

Defendants deny the averments of paragraph 16 of the Complaint.

17.

Defendants deny the averments of paragraph 17 of the Complaint.

18.

Defendants deny the averments of paragraph 18 of the Complaint.

19.

Defendants deny the averments of paragraph 19 of the Complaint.

## **COUNT 2**

### **Negligence**

20.

Defendants incorporate by reference their responses to Paragraphs 1-19 as if restated herein.

21.

Defendants deny the averments of paragraph 21 of the Complaint.

## **COUNT 3**

### **Intentional Infliction of Emotional Distress**

22.

Defendants incorporate by reference their responses to Paragraphs 1-21 as if restated herein.

23.

Defendants deny the averments of paragraph 23 of the Complaint.

24.

Defendants deny the averments of paragraph 24 of the Complaint.

## COUNT 4

## Tortious Misconduct

25.

Defendants incorporate by reference their responses to Paragraphs 1-24 as if restated herein.

26.

Defendants deny the averments of paragraph 26 of the Complaint.

27.

Defendants deny the averments of paragraph 27 of the Complaint.

## COUNT 5

## O.C.G.A. §51-12-5-1:  Punitive Damages

28.

Defendants incorporate by reference their responses to Paragraphs 1-27 as if restated herein.

29.

Defendants deny the averments of paragraph 29 of the Complaint.

## COUNT 6

## O.C.G.A. §13-6-11:  Attorney's Fees

30.

Defendants incorporate by reference their responses to Paragraphs 1-29 as if restated herein.

31.

Defendants deny the averments of paragraph 31 of the Complaint.

32.

Defendants deny the averments of paragraph 32 of the Complaint.

33.

Defendants deny the demands and averments of the unnumbered "pray" alleged in the Complaint, including subparts paragraphs (a), (b), (c), and deny, that Plaintiffs are entitled to any remedy or relief as asserted in the Complaint.

34.

Defendants deny any averments or allegations of the Complaint, which are not specifically responded to in the foregoing answer.

Wherefore, Defendants demand that Plaintiffs' Complaint be dismissed, the Defendants be discharged, costs of action be assessed against Plaintiffs, and Defendants' recover such attorneys' fees, costs and other remedies as may be permitted by applicable law arising from this action.

DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE PERSONS.

McLAIN & MERRITT, P.C.

 /s/ Mark L. Pickett

Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANTS WALMART INC. and  WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Odyssey Efile.

This the  6th   day of January, 2022

McLAIN & MERRITT, P.C.

 /s/ Mark L. Pickett

Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com

FILED
1/6/2022 5:05 PM
Rockdale County Superior Court
e-Filed Record

IN THE SUPERIOR COURT OF ROCKDALE COUNTY
STATE OF GEORGIA

NIKITA CLAY and JUSTIN NEAL,          :
                                       :
          Plaintiff                    :
                                       :
v.                                     :          CIVIL ACTION FILE
                                       :
WAL-MART STORES, INC.                  :          NO:  2021-CV-2344
WAL-MART STORES EAST, LP               :
and JOHN DOES, employees               :
of Walmart,                            :
                                       :
          Defendants.                         :
                                       :

## 12-PERSON JURY DEMAND

COME NOW Defendants, WAL-MART STORES, INC. (known as

WALMART INC.) and WAL-MART STORES EAST, LP and demand a trial by a

jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

 /s/ Mark L. Pickett
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via

Odyssey E-File.

This the __6th__ day of January, 2022.

McLAIN & MERRITT, P.C.


__/s/ Mark L. Pickett__
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
WALMART INC.
WAL-MART STORES EAST, LP


3445 Peachtree Road, N.E.,Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com